FILED
JAMES BONINI
CLERK

09 APR -8 PM 3: 17

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MIRANOVA CONDOMINIUM ASSOCIATION, "THE ASSOCIATION" C/O 50 PUBLIC SQUARE, SUITE 2000 CLEVELAND, OHIO 44113 <br><br> PLAINTIFF, <br><br> -VS.- <br><br> KRAVETZ REALTY GROUP, LLC C/O CT CORPORATION SYSTEM 1300 EAST NINTH STREET CLEVELAND, OHIO 44114 <br><br> -AND- <br><br> BRAD KUSKIN 20 BROAD STREET, 25TH FLOOR NEW YORK, NEW YORK 10005 <br><br> DEFENDANTS. | CASE NO. 2:09 cv 268 <br><br> JUDGE <br> JUDGE GRAHAM <br><br> COMPLAINT   MAGISTRATE JUDGE KEMP <br><br> *(Jury Demand)* |

Now comes Plaintiff Miranova Condominium Association, "The Association," by and through counsel, and for its Complaint against Defendants states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction in this matter is proper pursuant to 28 U.S.C. 1332(a)(1) as the citizenship of the parties is diverse and the amount in controversy exceeds $75,000.00.

2. Plaintiff, Miranova Condominium Association, "The Association" ("Association") is a nonprofit corporation incorporated in the State of Ohio.

3. Defendant Kravetz Realty Group, LLC is a New York limited liability company whose members are citizens of the State of New York.

4. Defendant, Brad Kuskin, is the Managing Director of Kravetz Realty Group, LLC and a citizen of the State of New York.

5. Venue is proper in this Court as the transactions or occurrences upon which Plaintiff's Complaint arose took place in this district and Defendants are subject to personal jurisdiction in this Court.

## COUNT ONE – CONVERSION

6. Association incorporates herein the allegations contained in Paragraphs 1 through 5 as if fully rewritten at length.

7. Association is a nonprofit corporation organized and existing under the laws of the State of Ohio to provide a corporate entity for the operation of 113 condominium units at the Miranova Condominium, located in the City of Columbus, County of Franklin and State of Ohio. The Declaration Creating and Establishing a Plan for Condominium Ownership Under Chapter 5311 of the Revised Code of Ohio for Miranova Condominium, as amended ("Declaration"), was filed for record on or about September 5, 2000, at Instrument No. 200009050177931 of the Franklin County records.

8. Defendant, Kravetz Realty Group, LLC ("KRG"), is a New York limited liability company engaged in the business of, *inter alia*, providing property management services.

9. Defendant, Brad Kuskin ("Kuskin"), is an individual residing in the State of New York and the Managing Director of KRG.

10. On July 13, 2006, Association and KRG entered into a written contract pursuant to which KRG engaged in professional property management services for the Association ("Management Agreement"). A copy of the Management Agreement is attached hereto as Exhibit "A".

11. The Management Agreement provides that, among other things, KRG shall establish, manage, maintain or otherwise control Association's bank accounts and other financial assets, including but not limited to checking accounts, savings accounts, reserve fund accounts and certificates of deposit, all for the benefit of Association.

12. KRG served as Association's property manager from August 1, 2006 to December 31, 2008.

13. Association advised Defendants that it would not be renewing the Management Agreement after it expired on December 31, 2008 and requested their cooperation in transferring all Association funds to accounts specified by Association.

14. Association made additional written demands on Defendants to transfer Association funds on January 30, 2009, February 6, 2009 and February 12, 2009.

15. In response to Association's demands, Defendants made repeated representations to Association that its funds were in the process of being transferred or had been transferred.

16. Despite its representations, Defendants failed to transfer Association funds in the amount of $688,635.54 as of March 16, 2009.

17. Association was advised by various banks holding Association funds that a substantial portion of its funds had been transferred out of Association's accounts.

18. Association was further advised that despite Defendants' representations to the contrary, they had failed to execute signature cards on behalf of Association's Board members for at least one Association account.

19. Association believes and therefore alleges that Defendants converted the funds and property belonging to Association to their own use and control.

20. As a direct and proximate result of Defendants' conversion of Association funds to their own use and control, Association has been damaged in an amount not less than $688,635.54, plus interest, as well as other consequential damages, including but not limited to audit and legal fees.

## COUNT TWO – BREACH OF CONTRACT

21. Association incorporates herein the allegations contained in Paragraphs 1 through 20 as if fully rewritten at length.

22. The Management Agreement provides in Section 4(C) that upon termination by either party, KRG agrees to transfer the Association's records in a timely efficient

4

manner, with substantially all records turned over by the last day of the Management Agreement.

23. The Management Agreement further provides in Section 5(C)(H) that reserve funds of the Association may not be transferred without the signature of a Board Member.

24. KRG has breached the Management Agreement by failing to turn over Association's records and funds and by transferring Association's reserve funds without the signature of a Board Member.

25. As a direct and proximate result of KRG's breach of contract, Association has been damaged in an amount not less than $688,635.54, plus interest, as well as other consequential damages, including but not limited to audit and legal fees.

## COUNT THREE – BREACH OF FIDUCIARY DUTY

26. Association incorporates herein the allegations contained in Paragraphs 1 through 25 as if fully rewritten at length.

27. Defendants owed Association a fiduciary duty and special trust to act with heightened care, loyalty and honesty.

28. Defendants breached their fiduciary duty to Association by failing to account for or turn over Association's funds, by converting Association funds to their own use and control, by acting beyond the scope of any contractual or other authority and by otherwise acting in a grossly negligent, wanton and willful manner.

5

29. As a direct and proximate result of Defendants' breach of fiduciary duty, Association has been damaged in an amount not less than $688,635.54, plus interest, as well as other consequential damages, including but not limited to audit and legal fees.

## COUNT FOUR – FRAUD

30. Association incorporates herein the allegations contained in Paragraphs 1 through 29 as if fully rewritten at length.

31. Defendants expressly and fraudulently represented to Association that its funds were in the process of being transferred or had been transferred and that Association's accounts contained funds in excess of their actual balance.

32. Defendants knew or should have known that their representations were false, which falsity they fraudulently, intentionally, willfully and wantonly concealed from Association with the intent to mislead Association into relying upon their actions and/or misrepresentations.

33. Association relied upon Defendants' false representations to its detriment.

34. As a direct and proximate result of Defendants' fraud, Association has been damaged in an amount not less than $688,635.54, plus interest, as well as other consequential damages, including but not limited to audit and legal fees.

## COUNT FIVE – NEGLIGENCE

35. Association incorporates herein the allegations contained in Paragraphs 1 through 34 as if fully rewritten at length.

6

36. Defendants had a duty to exercise ordinary care in managing, directing or otherwise acting on behalf of Association, including but not limited to the accounting and turnover of Association's property and funds.

37. Defendants breached their duties by negligently maintaining, accounting and turning over Association's funds.

38. As a direct and proximate result of Defendants' negligence, Association has been damaged in an amount not less than $688,635.54, plus interest, as well as other consequential damages, including but not limited to audit and legal fees.

## COUNT SIX – UNJUST ENRICHMENT

39. Association incorporates herein the allegations contained in Paragraphs 1 through 38 as if fully rewritten at length.

40. As a result of Defendants' unlawful actions, they have been unjustly enriched in an amount exceeding $688,635.54, plus interest accruing as of March 16, 2009.

41. Association is entitled to restitution in the amount of $688,635.54, plus interest, as well as other consequential damages, including but not limited to audit and legal fees.

## COUNT SEVEN – CONSTRUCTIVE TRUST

42. Association incorporates herein the allegations contained in Paragraphs 1 through 41 as if fully rewritten at length.

7

43. By virtue of the foregoing, Association is entitled to the imposition of a constructive trust in favor of Association over and upon all monies, documents or other property belonging to Association which have been converted, misappropriated, stolen, embezzled, misplaced, misdirected or otherwise lost by Defendants.

## COUNT EIGHT – INJUNCTIVE RELIEF

44. Association incorporates herein the allegations contained in Paragraphs 1 through 43 as if fully rewritten at length.

45. Association will suffer immediate and irreparable injury, loss and damage if Defendants are not enjoined and restrained from using, transferring, converting or concealing, in any manner whatsoever, any and all funds and property belonging to Association, including all financial and other records, funds and accounts out of the jurisdiction of this Court.

## COUNT NINE – ACCOUNTING

46. Association incorporates herein the allegations contained in Paragraphs 1 through 45 as if fully rewritten at length.

47. As a result of the fraud perpetrated upon Association and the conversion and misappropriation of Association's funds and property by Defendants, Association is entitled to receive a full, complete and accurate accounting from Defendants of all funds and property converted, misappropriated, stolen, embezzled, misplaced, misdirected or otherwise lost by Defendants in contravention of Association's right to ownership, use and possession of said funds and property.

WHEREFORE, Association prays for the following relief:

A) Compensatory damages in an amount not less than $688,635.54, plus interest, as well as other consequential damages, including but not limited to audit and legal fees.

B) Punitive damages in an amount to be determined at trial;

C) Imposition of a constructive trust in favor of Association over and upon all monies, documents or other property belonging to Association which have been converted, misappropriated, stolen, embezzled, misplaced, misdirected or otherwise lost by Defendants;

D) A preliminary and permanent injunction enjoining and restraining Defendants from using, transferring, converting or concealing, in any manner whatsoever, any and all funds and property belonging to Association, including all financial and other records, funds and accounts out of the jurisdiction of this Court;

E) An accurate accounting from Defendants of all funds and property converted, misappropriated, stolen, embezzled, misplaced, misdirected or otherwise lost by Defendants in contravention of Association's right to ownership, use and possession of said funds and property.

F) Attorney's fees, interest and costs; and

G) Such other relief as this Court deems fair and equitable.

KAMAN & CUSIMANO, LLC

/s/ *Robert E. Kmiecik*
ROBERT E. KMIECIK (#0022545)
Attorneys for Plaintiff
50 Public Square, Suite 2000

9

Cleveland, Ohio 44113
(216)696-0650/Fax (216)771-8478
rkmiecik@kamancus.com

## JURY DEMAND

Plaintiff demands a trial by jury in this matter.

/s/ *Robert E. Kmiecik*
ROBERT E. KMIECIK (#0022545)